IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINTON WAYNE WILKINS** | : | Civil No. 1:17-cv-2354 |
| **Plaintiff,** | : | |
| v. | : | |
| **CLAIR DOLL, WARDEN,** *et al.* | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is Petitioner Linton Wilkins' ("Wilkins") motion to enforce this court's prior order directing that an immigration judge conduct an individualized bond hearing. (Doc. 14.) A bond hearing was held on April 10, 2018, and on April 17, 2018, the immigration judge issued a decision denying Wilkins' request for release on bond or other conditions. (Doc. 13.)

In his motion to enforce, Wilkins argues that he was not afforded an impartial individualized bond hearing required by the court's report and recommendation, relevant Third Circuit precedent, and the Due Process Clause. The Government argues that this court does not have jurisdiction to hold its own bond hearing and that Wilkins recourse is through an appeal within the administrative process.

**I.     Background**

Mr. Wilkins, a lawful permanent resident of the United States, was placed in removal proceedings in March 2017 based on a 2015 guilty plea to possession with intent to deliver marijuana. (Doc. 1-4.) He has been detained at the York County Prison throughout these proceedings pursuant to 8 U.S.C. § 8 U.S.C. § 1226(c). In May 2017, the immigration judge ("IJ") concluded that Wilkins offense was an aggravated felony, and the Board of Immigration Appeals ("BIA") affirmed that decision. (*See* Docs. 1-6 & 1-7.) The government then filed an unopposed motion to remand Wilkin's case from the Third Circuit to the BIA for further consideration of the aggravated felony issue. This issue is significant because if Wilkin's conviction is not an aggravated felony then he is not eligible for removal.

On December 20, 2017, Wilkins filed a habeas petition challenging his prolonged immigration detention under § 1226(c), alleging such detention was a violation of his constitutional right to due process. (Doc. 1.) On February 22, 2018, a magistrate judge issued a report and recommendation finding that Wilkin's detention had become unreasonable, and recommending that an IJ conduct an individualized bond hearing in the first instance. (Doc. 9.) The report and recommendation also recognized that "no one is challenging Wilkins' good faith in challenging his removal." (*Id.* at p. 6.) By order dated March 19, 2018, this court adopted the report and recommendation and ordered that an IJ afford Wilkins an

2

individualized bond hearing at which the IJ was to "make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that [Wilkins] attends removal proceedings and that his release will not pose a threat to the community." (Doc. 11.) The court further ordered that, "[i]f the [IJ] does not hold an individualized bond hearing consistent with the legal benchmarks outlined in the report and recommendation, the District Court may consider conducting its own bond determination." (*Id.*)

A bond hearing was held on April 10, 2018, at the immigration court at York County Prison. (Doc. 14, ¶ 4.) At that hearing, the government agreed that Wilkins was not a flight risk and Wilkins advised, through counsel, that, due to recent economic hardships, his family did not have the resources to post a bond greater than $10,000. (Doc. 15, p. 4.) On April 17, 2018, the IJ issued a decision denying Wilkins' bond request, concluding that he was "constrained to find that [Wilkins] is a flight risk" based on "the lack of relief available to [him], as [the IJ] previously found that he was ineligible for cancellation of removal." (*See* Doc. 13-1.) The IJ noted that "[h]ad [Wilkins] been able to show that he has relief available to him, the Court would have been inclined to grant bond in the amount of $25,000." (*Id.* at n.1.)

## II. <u>Legal Standard</u>

There is no question that this court has the power to enforce its writs of habeas corpus. *Sylvain v. Attorney General*, 714 F.3d 150, 155 (3d Cir. 2013); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). Compliance with the court's writ is measured against the legal requirements for bond hearings for immigrants being detained pursuant to § 1226(c).

The Third Circuit has provided a two-step process for courts to follow where, as here, a detainee challenges his prolonged detention under § 1226(c). Pursuant to this process, the court must 1) determine whether the detention has become unreasonable, and then, if so, must 2) determine if that unreasonable detention is still necessary to prevent flight risk or danger to the community. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 269 (3d Cir. 2012).

Significantly, a bond hearing must be "individualized." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015). Mechanistic reliance on factors that are common to all § 1226(c) detainees will not suffice. *Singh*, 638 F.3d at 1205-06. Moreover, at the hearing, the government bears the burden of proving that "continued detention is necessary to fulfill the purposes of the detention statute." *Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d. Cir. 2011). This means that the government must produce individualized evidence that continued detention was or is necessary to prevent flight risk or danger to the

community." *Chavez-Alvarez*, 678 F.3d at 269; *see Sanchez v. Sabol*, Civ. No. 15-cv-2423, 2016 WL 7426129, at **5-6 (M.D. Pa. Dec. 23, 2016).

## III. Discussion

Initially, the court finds that the IJ exceeded his jurisdiction by reconsidering an issue that this court had already resolved, that is, that Wilkins continued detention had become unreasonable. Specifically, the IJ based his decision on what he determined to be a "lack of relief available" to Wilkins since the IJ had previously found him ineligible for cancellation of removal. However, this court already determined that Wilkins has made a *prima facie* showing justifying an individualized bond hearing. (*See* Doc. 9, pp. 6-7.) Indeed, the court's March 19, 2018 order specifically stated that the IJ was to determine only "whether detention is still necessary to fulfill the purposes of ensuring that [Wilkins] attends removal proceedings and that his release will not pose a threat to the community." (Doc. 11.) Thus, the IJ's decision conflated step one and step two of the Third Circuit's procedures for evaluating immigration habeas petitions and exceeds the jurisdiction this court delegated to the immigration court.

As to whether Wilkins poses a flight risk or a danger to the community, the IJ specifically found that Wilkins is not a danger to the community. (Doc. 13-1, p. 4.) Turning to flight risk—a factor that the government did not contest—the IJ relied entirely on the purported lack of relief available to Wilkins. Not only did this

5

finding exceed the IJ's jurisdiction, it is also difficult for this court to accept that Wilkins has no further avenues of relief available to him when the government has moved to remand his petition for review before the Third Circuit back to the BIA. Furthermore, the IJ noted that, "[h]ad [Wilkins] been able to show that he has relief available to him, the court would have been inclined to grant bond in the amount of $25,000 with other conditions attached." (*Id.*) Such an inclination to grant bond under those circumstances suggests that the IJ does not find Wilkins to be a flight risk, and also totally ignores Wilkins' personal circumstances. *See Hernandez v. Sessions*, 872 F.3d 976, 991, 994 (9th Cir. 2017). At the hearing, Wilkins emphasized that, due to recent hardships, his family did not have the resources to post a bond higher than $10,000. Thus, even if the IJ had set bond, it would have amounted to a "categorical barrier[ ] to release without any individualized consideration of his personalized circumstances." *Leslie*, 865 F. Supp. 2d at 633.

Finally, the IJ relied almost entirely on a "mechanistic factor" common to virtually all immigration detainees that are subject to prolonged detention, *i.e.*, the existence of a removal order entered by an IJ. *See Singh*, 638 F.3d at 1205; *Sanchez*, 2016 WL 7426129 at *5. Under this reasoning, every detainee who has a pending appeal of a removal order would be ineligible for bond. *Id*. Such a determination is not sufficiently individualized.

## IV. **Conclusion**

It is the court's conclusion that Wilkins' bail hearing was not individualized, and therefore the court will grant Wilkins' motion to enforce this court's order of March 19, 2018 and will conduct its own bond determination.

  s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: July 12, 2018